UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

——————————————————

RUFUS WEST,

        Petitioner,

    v.                                            Case No. 05-C-1085

MATTHEW FRANK,

        Respondent.

——————————————————

O R D E R

    Petitioner Rufus West filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 26, 2005, the court ordered the petitioner to file a brief demonstrating why the petition should not be dismissed as untimely. The petitioner filed a brief on November 2, 2005. For the reasons stated below, the court is obliged to dismiss the petition as untimely.

    The petitioner challenges his 1995 conviction for armed robbery. In the court's October 26, 2005 order, the court noted that the Wisconsin Supreme Court denied a petition for review on June 10, 1997, with respect to the direct appeal of the petitioner's 1995 armed robbery conviction. Over five years later, on March 4, 2003, the petitioner filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. The court determined that the one-year filing period for filing a federal habeas petition began running in September 1997,

90 days after the Wisconsin Supreme Court denied the petition for review on June 10, 1997. (October 26, 2005 order at 3.) The court determined that the petitioner's time for filing a federal habeas petition expired in September 1998. (*Id.* at 3-4.)

The petitioner argues that his federal habeas petition is timely filed. First, the petitioner argues that the period of limitations was tolled until the state courts resolved his postconviction motion pursuant to 28 U.S.C. § 2244(d)(2). That provision, however, only tolls "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* The petitioner filed a postconviction motion in 2003; there was no pending postconviction motion between the date that the judgment became final by the conclusion of direct review in 1997 and the date that the petitioner filed a postconviction motion in 2003. The period of limitation, therefore, was not tolled during that time period.[1] The petitioner suggests that there is a conflict between the one-year period of limitation and the petitioner's duty to exhaust his state court remedies. There is no such conflict. Instead of waiting five years to file a postconviction motion, the petitioner may exhaust his state court remedies by

---

[1]Because no postconviction motion was pending between 1998 and 2002, the court need not consider whether the postconviction motion that the petitioner filed in 2003 was a "properly filed" application.

simply filing his postconviction motion within a year of the date on which the judgment became final by the conclusion of direct review.

Second, the petitioner claims that he was poisoned by prison staff with an overdose of seizure medication which caused him to lose the ability to walk independently from July 1996 to January 1, 2004. The court construes this argument as a request for equitable tolling. Equitable tolling excuses an untimely filing when "extraordinary circumstances" far beyond the prisoner's control prevented timely filing. *Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999). The doctrine is applied sparingly. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). The petitioner's inability to walk independently, without more, does not excuse his untimely filing. The petitioner does not explain how walking with a cane, crutches, or being confined to a wheelchair prevented him from filing his federal habeas corpus petition. The record demonstrates that the petitioner was able to file (1) a response to a November 19, 1996 no-merit report, (*see* Habeas Petition at p. 4; Wisconsin Court of Appeals' March 13, 1997 decision at 1); (2) two separate lawsuits in 1997, (*see* petitioner's November 2, 2005 brief at 1-2); and (3) a

motion for postconviction relief on March 4, 2003. (*See* Habeas Petition at p. 5.) The petitioner's alleged inability to walk independently did not prevent him from filing in any of these instances. The petitioner has not shown extraordinary circumstances that would justify equitable tolling.

Third, citing *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189-90 (E.D. Mich. 2001), the petitioner argues that the court may excuse his untimely filing because he is actually innocent. Actual innocence, however, is unrelated to the statutory timeliness rules and does not permit untimely filing of a habeas petition. *See Escamilla v. Jungwirth*, — F.3d —, 2005 WL 2592027 (7th Cir. Oct. 14, 2005). "Prisoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action." *Id.*

Accordingly,

IT IS ORDERED that the petition be and the same is hereby DENIED as untimely; and

IT IS FURTHER ORDERED that the action be and the same is hereby DISMISSED.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this   14th   day of November, 2005.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge